# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.<br><br>Plaintiffs,<br><br>vs.<br><br>REGGIANI LIGHTING USA, INC. and REGGIANI S.P.A. ILLUMINAZIONE<br><br>Defendants. | Civil Action No. 1:18-cv-11098-ER<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES OF PATENT MISUSE AND INEQUITABLE CONDUCT**

BOND, SCHOENECK & KING, PLLC

Jeremy P. Oczek (JO1975)
Sharon M. Porcellio (SP1020)
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000

George R. McGuire (GM0272)
Jonathan L. Gray (Admitted *pro hac vice*)
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8500

*COUNSEL FOR PLAINTIFFS*
*Signify North America Corporation and*
*Signify Holding B.V.*

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................2

I.  Reggiani's Inequitable Conduct Counterclaim and Defense Are Facially
    Insufficient and Should Therefore Be Dismissed and Stricken, Respectively ....................2

    A.  Reggiani's "At Least One If Not All" Theory Does Not Satisfy *Exergen* ..............2

    B.  Reggiani's Inequitable Conduct Allegations Misleadingly Imply that the
        Referenced Publications Contain the Language from the Patent Claims. ...............5

II. Reggiani's Patent Misuse Counterclaim and Affirmative Defense Are Facially
    Insufficient and Should Therefore Be Dismissed and Stricken, Respectively ....................7

    A.  Reggiani's Patent Misuse Allegations Fail for the Same Reasons the
        Inequitable Conduct Allegations Fail .....................................................................7

    B.  Reggiani's "Bad Faith" Enforcement Allegations Are Legally Deficient...............7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affymetrix, Inc. v. PE Corp.*,
    219 F. Supp. 2d 390 (S.D.N.Y. 2002) ............................................................................... 8

*Bayer CropScience AG v. Dow AgroSciences LLC*,
    No. 10-1045 RMB/JS, 2011 U.S. Dist. LEXIS 149636 (D. Del. Dec. 30, 2011) ............... 9

*Burlington Industries, Inc. v. Dayco Corp.*,
    849 F.2d 1418 (Fed. Cir. 1988) ........................................................................................ 3

*C.R. Bard, Inc. v. M3 Sys.*,
    157 F.3d 1340 (Fed. Cir. 1998) ........................................................................................ 7

*ESCO Corp. v. Cashman Equip. Co.*,
    158 F. Supp. 3d 1051 (D. Nev. 2016) .............................................................................. 8

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ........................................................................................ 2

*GEOMC Co. v. Calmare Therapeutics Inc.*,
    918 F.3d 92 (2d Cir. 2019) ............................................................................................... 9

*Lexington Luminance LLC v. Osram Sylvania Inc.*,
    972 F. Supp. 2d 88 (D. Mass. 2013) ................................................................................ 6

*Marchon Eyewear, Inc. v. Tura LP*,
    No. 98 CV 1932 (SJ), 2002 U.S. Dist. Lexis 19628 (E.D.N.Y. Sept. 30, 2002) ............... 8

*Multiform Desiccants, Inc. v. Medzam Ltd.*,
    133 F.3d 1473 (Fed. Cir. 1998) ........................................................................................ 2

*Optigen v. Animal Genetics, Inc.*,
    No. 10-cv-940 (N.D.N.Y. May 23, 2011) ........................................................................ 8

*Princo Corp. v. ITC*,
    616 F.3d 1318 (Fed. Cir. 2010) (*en banc*) ....................................................................... 9

*Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*,
    No. 1:12-CV-1292, 2013 U.S. Dist. LEXIS 152068 (N.D.N.Y. Oct. 23, 2013) ........... 7-8

**Statutes**

35 U.S.C. § 271(d)(3) ................................................................................................................ 8

## INTRODUCTION

Although Reggiani spills considerable ink in trying to save its deficient allegations of inequitable conduct and patent misuse, its misguided arguments are of no avail. For purposes of deciding Signify's motion, the Court should focus on the following key dispositive issues:

As to inequitable conduct, Reggiani's **"*at least one if not all*"** theory, in which it contends that "at least one if not all of [the named individuals] . . . were responsible for inequitable conduct" demonstrates that Reggiani cannot point to *any particular person having a specific intent to deceive*. Inequitable conduct is a fraud-based claim, and Reggiani was required to plead with particularity the *specific* individual who both knew of the material information and deliberately withheld or misrepresented it. Further, Reggiani's inequitable conduct allegations misleadingly imply that the allegedly withheld publications *actually* contain the language from the cited claims of the '138 Patent and '559 Patents, when they do not. Given that Reggiani *now* admits that the cited references do not contain the actual language of the claims, Reggiani's allegations fail to plead the required "but-for materiality."

As to patent misuse, Reggiani has not alleged any facts supporting a reasonable inference that Signify either: (1) brought this suit in "bad faith," *i.e.* that this suit is objectively baseless in that no reasonable litigant could realistically expect success on the merits, or (2) impermissibly broadened the scope of the Patents-in-Suit with anticompetitive effect. At bottom, Reggiani is asserting that because it disputes validity and infringement, Signify's infringement charges *must* be brought in "bad faith." That is not enough. Otherwise, patent misuse would be cognizable in every patent infringement action, which the Federal Circuit has plainly held is not the case.

Put simply, Reggiani's allegations are deficient and appear designed to increase Signify's costs in prosecuting this action. Indeed, allowing Reggiani's allegations of inequitable conduct

and patent misuse to proceed would needlessly expand discovery, "diverting the court from genuine issues and simply spawning satellite litigation." *Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1482 (Fed. Cir. 1998). Reggiani's suggestion that there is no prejudice to keeping these allegations in the case is wrong. For example, Reggiani's allegation of "bad faith" enforcement would likely involve privileged and/or attorney work product files of Signify and its patent counsel protected from discovery, so that Signify may defend against such baseless allegations, when infringement and validity are the only substantive issues in the case.

Reggiani's counterclaims and affirmative defenses of inequitable conduct and patent misuse should be dismissed and stricken, respectively, with prejudice.

## ARGUMENT

**I.      Reggiani's Inequitable Conduct Counterclaim and Defense Are Facially Insufficient and Should Therefore Be Dismissed and Stricken, Respectively.**

**A.      Reggiani's "At Least One If Not All" Theory Does Not Satisfy *Exergen*.**

In its Opposition, Reggiani argues:

Read in full and in context, Reggiani's counterclaim and affirmative defense assert that ***at least one if not all*** of [the named individuals] were responsible for inequitable conduct with regard to the '138 patent, and ***at least one if not all*** of [the named individuals] were responsible for inequitable conduct with regard to the '559 patent, ***and leaves open the possibility that others may have also been involved***. *See* Second Amended Answer at ¶¶ 45 and 51. Reggiani has thus identified a specific group of actors, and asserts that all of them knew of the undisclosed reference and ***at least one of them, if not all***, acted with specific intent to deceive. Opp. Br. at 8-9 (emphasis added).

Reggiani's "*at least one if not all*" theory does not pass muster under *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). Indeed, Reggiani's all-encompassing identification of the entire universe of possible actors is precisely the type of overbroad allegation that the *Exergen* court ruled insufficient as a matter of law. Reggiani does not cite to a single case in support its "at least one if not all" theory, and its broadly-fashioned counterclaim

advances false fraud charges against a number of individuals. To that end, *Exergen* noted that "one of the purposes of Rule 9(b) is to protect those whose reputation would be harmed as a result of being subject to fraud charges." *Id.* at  at 1329, n. 6 (internal citations, quotations omitted).[1] By way of analogy, a court would not allow allegations of criminal fraud to proceed against multiple defendants based on an "at least one if not all" theory of criminal intent, absent allegations of joint concert of action. This case is no different.

From the face of Reggiani's inequitable conduct counterclaim, it is impossible to identify who *in particular* it is that Reggiani contends committed the alleged fraud. Although Reggiani's pleading names *some* individuals, the fact that Reggiani concedes that it cannot identify who *in particular* allegedly acted with an intent to deceive is fatal to its allegations. Indeed, Reggiani's theory that "at least one if not all" of the individuals acted with an intent to deceive suggests that Reggiani is unsure whether *any* one of the individuals (or which one) deliberately withheld material information with the intent to deceive, or whether it was in fact some other unnamed "person" and/or "counsel" involved in prosecution of either patent. These allegations also do not allege that any *one* of those individuals both knew of the material information *and* deliberately withheld or misrepresented it, nor do they plead any joint concert of action, and they are thus insufficient to identify who allegedly committed the inequitable conduct.

Moreover, the cases cited by Reggiani do not support its position. Reggiani cites to piecemeal portions of cases, out of context, arguing that the allegations in each case failed the

---

[1] "Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of 'inequitable conduct in the Patent Office' is a negative contribution to the rightful administration of justice. The charge was formerly known as 'fraud on the Patent Office,' a more pejorative term, but the change of name does not make the thing itself smell any sweeter." *Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).

*Exergen* test simply because "the use of the 'and/or' conjunction left the door open to the possibility of only unnamed individuals being accused of the suspect behavior." Opp. Br. at 8. However, in contrast to Reggiani's attempted distinction, courts will dismiss an inequitable conduct claim where the claim is ambiguous as to *who* it is being asserted against.

In fact, in *Drew Tech. v Robert Bosch, L.L.C.*, No. 12-15622, 2014 U.S. Dist. LEXIS 18256, at *9 (E.D. Mich. Feb. 13, 2014), the court dismissed the allegations of inequitable conduct against the named individuals and/or their representatives because the court could not determine whether "any one of [the] individuals necessarily committed the particular act" or acted in a "joint concert of action." The court *did not* dismiss based on the sole reason that the "and/or" conjunction left open the possibility that only unnamed individuals were accused of the suspect behavior. *See id.* at *9. Rather, the court held that the claimant's alternative pleading style made it uncertain as to who actually committed the act, as is the case here. *Id.* at *9 (dismissing the inequitable conduct claim and explaining that "[t]he following factual scenarios could all fit within the allegations: Drew committed the act, but Herron and their representatives did not; Herron committed the act, but Drew and their representatives did not; neither Drew nor Herron committed the act, but their representatives did; Drew and their representatives committed the act, but Herron did not; Herron and their representatives committed the act, but Drew did not; and Drew and Herron committed the act, but their representatives did not.").

Contrary to Reggiani's allegations, it has not identified any *specific* individual who both knew material information *and* acted with a specific intent to deceive, as required. Instead, Reggiani uses the "and/or" conjunction and its "at least one if not all" theory, attempting to lodge its allegations on an entire group of individuals. These overly inclusive allegations are insufficient under Rule 9(b) and should be dismissed on this basis alone.

### B. Reggiani's Inequitable Conduct Allegations Misleadingly Imply that the Referenced Publications Contain the Language from the Patent Claims.

Reggiani's amended pleading (Dkt. 38) alleges that certain figures and pages contained in the WO 99/31560 publication render anticipated or obvious Claim 1 of the '138 Patent, and that certain figures and pages contained in the US 2002/0176262 publication render anticipated or obvious Claim 11 of the '559 Patent. (Dkt. 38 at 41-42 ¶ 47, 44 at ¶ 53.) However, these allegations are deficient and misleading. In fact, in paragraphs 47 and 53 of its amended pleading (Dkt. 38), Reggiani *appears* to quote language from the publications and then follows the quoted language with citations to the WO 99/31560 publication (*i.e.* pages 30-34, Figures 6-14) and the US 2002/0176262 publication (*i.e.* paragraphs [0016] – [0024], Figs. 2 and 3). Critically, however, the quoted language is *not* from the WO 99/31560 or US 2002/0176262 publications, but rather copied from the language from Claim 1 of the '138 Patent and Claim 11 of the '559 Patent. Indeed, the quoted language in Reggiani's amended pleading is not set forth *anywhere* in the cited pages or figures of either publication, nor does Reggiani attempt to *explain* how anything in its citations correlates to the quoted claim language. *See* Exhibit A attached hereto.

When Signify pointed out this misdirection, Reggiani tried to duck, arguing that "a proper reading of Reggiani's allegations makes it clear that Reggiani was not implying that the references contained the actual language of the claims word for word, as Signify suggests." Opp. Br. at 11. If Reggiani was *not* implying that the references contained the actual language of the claims, then why did Reggiani use the quoted language from the patent claims and then include citations to the references *right after the quoted language*? *See* Exhibit A attached hereto. And why didn't Reggiani point to any text or figure from the cited material to show a correlation to any element in the claims? In any event, now that Reggiani admits that the cited references do not contain the *actual* language of the claims, Reggiani's allegations fail to particularize "why"

the allegedly withheld information was material and "how" a PTO examiner would have used the information to assess patentability, therefore failing to plead the required "but-for materiality." Certainly, if the information were but-for material, it would have been straightforward for Reggiani to point to *something from the references* to correlate to the elements of the claim.

*Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88 (D. Mass. 2013) is directly on point. In *Lexington Luminance*, the defendants asserted that the inventor of the patent-in-suit had failed to disclose to the Patent Office another patent that he had co-authored, and that such nondisclosure was a material omission. *Id.* at 90-91. To support the claim, the defendants relied on a figure in the allegedly withheld reference and alleged that it anticipated or rendered obvious the asserted patent claims. *Id.* at 92. However, the reference did not *actually* discuss any of the actual claim terms, despite the defendants suggesting that the claim terms were disclosed in the allegedly withheld reference; thus, the court dismissed the claim. *Id.* at 92-93.

Reggiani attempts to distinguish *Lexington Luminance* by arguing that "the court found that the allegation of materiality was too tenuous because it rested on one figure and there was nothing in the cited prior art that related it to the claims of the asserted patent." Opp. Br. at 12. But Reggiani misses the point. Just as in *Lexington Luminance*, the references that Reggiani relies on here do not actually discuss *any* of the terms from the claims of the '138 or '559 Patents nor does Reggiani even attempt to correlate any aspects of the references to the elements of the claim. Reggiani merely parrots the language of the claims of the '138 and '559 Patents, and implies that the language is disclosed in the WO 99/31560 and US 2002/0176262 publications, when in fact it is not, just as in *Lexington Luminance*. To satisfy the *Exergen* standard, Reggiani must have pled more than conclusory allegations. Reggiani's misleading, if not deceptive, allegations are fatal to its inequitable conduct counterclaim and affirmative defense.

**II.     Reggiani's Patent Misuse Counterclaim and Affirmative Defense Are Facially Insufficient and Should Therefore Be Dismissed and Stricken, Respectively.**

**A.     Reggiani's Patent Misuse Allegations Fail for the Same Reasons the Inequitable Conduct Allegations Fail.**

Reggiani does not dispute that allegations of patent misuse that incorporate and are based upon alleged inequitable conduct (whether stated as a counterclaim or an affirmative defense) should be dismissed where the inequitable conduct allegations are themselves insufficient. Thus, because Reggiani has failed to plead "*who*" committed the inequitable conduct, "*why*" the withheld information is material, "*how*" an examiner would have used the information in assessing patentability, and the requisite scienter, this aspect of the patent misuse counterclaim and affirmative defense also fails.

**B.     Reggiani's "Bad Faith" Enforcement Allegations Are Legally Deficient.**

The Federal Circuit has unequivocally held that "[i]t is not patent misuse to bring suit to enforce patent rights not fraudulently obtained." *C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1373 (Fed. Cir. 1998) (rejecting jury instruction defining patent misuse to include enforcement of a patent against products known not to infringe or enforcing a patent known to be invalid or unenforceable). Indeed, enforcement of patent rights against infringement is **statutorily barred** from being considered patent misuse. *See* 35 U.S.C. 271(d). However, this is exactly the basis of Reggiani's patent misuse claim, which alleges that Signify is improperly "broadening the subject matter and temporal scope" of its patents and patent rights by "asserting patents it knows to be invalid and/or asserting unfounded grounds for infringement." (Dkt. 38 at 40 ¶ 41.) If an accused infringer's allegations of invalidity and non-infringement were enough to state a claim for patent misuse, then every patent infringement action would be met with such a claim.

The cases cited by Reggiani do not show that its allegations are cognizable as patent misuse. In *Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*, No. 1:12-CV-1292, 2013 U.S. Dist.

- 7 -

LEXIS 152068 (N.D.N.Y. Oct. 23, 2013), the district court allowed a patent misuse defense to proceed based upon allegations that the plaintiff was attempting to enforce patents beyond their expiration. *Id.* at *32-33. In other words, this was a classic example of *per se* patent misuse, *i.e.* enforcing a patent beyond its temporal scope. The same was true in *Affymetrix, Inc. v. PE Corp.*, 219 F. Supp. 2d 390, 397 (S.D.N.Y. 2002) (allowing patent misuse claim alleging that the patentee knowingly "enforc[ed] and licens[ed] the '679 patent beyond the date of its expiration").[2] But here, Reggiani does not allege that Signify has attempted to enforce expired patents or that any of the Patents-in-Suit are expired.

*Optigen v. Animal Genetics*, *Inc.*, No. 10-cv-940 (N.D.N.Y. May 23, 2011), is also distinguishable because the defendant had alleged that the plaintiff was improperly enforcing its patents outside of the United States, and as such the suit was an "an improper attempt to extend the territorial reach of its patents." Again, Reggiani does not allege that Signify is enforcing any of its U.S. patents outside of the United States, thereby extending the patentee's statutory rights.

Even if this Court were to follow *ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051 (D. Nev. 2016)—which it should not in view of 35 U.S.C. § 271(d)(3) and *C.R. Bard's* directive that it "is not patent misuse to bring suit to enforce patent rights not fraudulently obtained"—Reggiani has not alleged facts supporting a reasonable inference that Signify either: (1) brought this suit in "bad faith," *i.e.* that this suit "is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," or (2) "impermissibly broadened the scope of the patent grant *with anticompetitive effect*." *ESCO,* 158 F. Supp. 3d at 1070-71, n. 8 (internal citations omitted) (emphasis added). As for "bad faith," the allegations do

---

[2] *Marchon Eyewear, Inc. v. Tura LP*, No. 98 CV 1932 (SJ), 2002 U.S. Dist. Lexis 19628 (E.D.N.Y. Sept. 30, 2002), is not applicable. In that case, the plaintiffs had argued for dismissal of a patent misuse counterclaim solely on the basis that "'patent misuse' can only be asserted as an affirmative defense and may not be asserted by way of an independent claim seeking declaratory judgment." *Id.* at *26-29. The court rejected this argument and allowed the patent misuse counterclaim, but the Court did not otherwise address the sufficiency of the claim. *See id.* at *28-29.

not show that any of the Patents-in-Suit have been revoked, withdrawn, or limited, or that the Patents-in-Suit are being enforced beyond their temporal or territorial limits. At bottom, Reggiani is asserting that because it contests validity and infringement, Signify's patent infringement action *must be* in "bad faith." But, as the Federal Circuit has made clear, "the defense of patent misuse is not available to a presumptive infringer simply because a patentee engages in some kind of [alleged] wrongful commercial conduct." *Princo Corp. v. ITC,* 616 F.3d 1318, 1329 (Fed. Cir. 2010) (*en banc*).

The cases cited by Reggiani in support of the argument that it has adequately pled this "bad faith" enforcement theory (*Vaughn*, *ESCO*, and *Bayer*) do not even show that its allegations should survive dismissal. As previously described, *Vaughn* is inapplicable because it involved a *per se* patent misuse claim (*i.e.* enforcing a patent beyond its temporal scope). *ESCO* is no help to Reggiani either because the court in that case merely granted the defendant an opportunity to amend its patent misuse claim *if* it could "allege facts to plead bad faith and improper purpose." 158 F. Supp. 3d at 1070-71 (internal citation omitted). Here, Reggiani has already amended its answer twice. Moreover, *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045 RMB/JS, 2011 U.S. Dist. LEXIS 149636 (D. Del. Dec. 30, 2011), analyzed a bare bones patent misuse affirmative defense under a pre-*Iqbal/Twombly* standard. *See id.* at *11-12. The Second Circuit has rejected this approach. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) ("the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense").

Reggiani also defends its allegations of anticompetitive effect—a requirement for ***any*** patent misuse claim—in a single sentence that reveals the deficiencies of its pleading. Reggiani states in conclusory fashion that "the relevant market, *i.e.* the LED lighting fixture market, can

be easily inferred" from the Second Amended Answer, "as can the fact that Signify possesses substantial market power." Opp Br. at 23. Even assuming the relevant market is the "LED lighting fixture market," the facts alleged do not support an inference that Signify has market power, let alone monopoly power, or that Signify's supposed objectively baseless patent enforcement have had anticompetitive effects.

Finally, Reggiani argues that even if the patent misuse counterclaim is dismissed, its affirmative defense for patent misuse and unclean hands should be permitted to continue under a "relaxed" application of the plausibility standard. Opp Br. at 24. But given that Reggiani's allegations of inequitable conduct and "bad faith" patent enforcement are insufficient to state a claim for patent misuse, what else could Reggiani have left on which to base such a defense? While *GEOMC* noted that "applying the plausibility standard to any pleading is a context-specific task," it also reaffirmed that "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." 918 F.3d at 94, 98. Thus, Reggiani's bare bones defense should be stricken, particularly given that the allegations set forth in support of the patent misuse claim are legally insufficient.

Dated: August 7, 2019

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*s/ Jeremy P. Oczek*

Jeremy P. Oczek (JO1975)
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
Email: jpoczek@bsk.com

***COUNSEL FOR PLAINTIFFS***
***Signify North America Corporation and***
***Signify Holding B.V.***